IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | CV 621-064 |
| 317 CORDIE ROAD, SWAINSBORO, GEORGIA 30401, | * | |
| Defendant. | * | |

O R D E R

WHEREAS, the defendant *in rem* (the "Defendant Property") is located at 317 Cordie Road, Swainsboro, Georgia 30401, and is described as follows:

> All of that certain tract or parcel of land situated lying and being in the 1028th G .M. District of Emanuel County, Georgia, containing 34. 70 acres, more or less, as shown on that certain plat survey prepared for A.L. Womack by Walter K. Maupin, Surveyor, dated October 27, 1931, and recorded in Plat Book 11, Page 557, Emanuel County Clerk's Records, to which plat reference is hereby made for a more complete and accurate description.

WHEREAS, on or about September 2, 2020, Grand Jury sitting in the Southern District of Georgia returned a Six-Count Indictment against Defendant Wendall Allan Strickland (the "Defendant" or "Claimant"), commencing criminal case CR620-017 (the "Criminal Case"), wherein he was charged with violating 7 U.S.C. § 2156(a)(1) (Counts One and Three - Sponsoring and Exhibiting an Animal in an

1

Animal Fighting Venture), 18 U.S.C. § 1955(a) (Counts Two and Five - Conducting an Illegal Gambling Business), 7 U.S.C. § 2156(b) (Count Four - Possession and Transport of an Animal in an Animal Fighting Venture), and 7 U.S.C. § 2156(a)(2)(A) (Count Six - Attending an Animal Fighting Venture). Docket No. 6:20-cr-17, Doc. 1.;

WHEREAS, in that Indictment, a forfeiture allegation notified, *inter alia*, that pursuant to 18 U.S.C. § 1955(d), the Defendant shall forfeit to the United States, any property used in violation of the offenses charged in Counts Two and Five, including but not limited to 317 Cordie Road, Swainsboro, Georgia, 30401 (the "Defendant Property"). Docket No. 6:20-cr-17, Doc. 1 at 6.;

WHEREAS, on or about May 21, 2021, the Defendant pled guilty to all counts against him in the Criminal Case, without a plea agreement. Docket No. 6:20-cr-17, Doc. 41.;

WHEREAS, on or about August 30, 2021, the United States of America ("United States" or "Plaintiff') commenced this action ("this Action") by filing a Verified Complaint for Forfeiture *In Rem* (the "Verified Complaint"), alleging, *inter alia*, that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 1955(d) for the reasons alleged in the Indictment. Doc. 1.;

WHEREAS, the United States served notice of this Action and copies of the Verified Complaint upon all persons who reasonably appeared to be a potential claimant to the Defendant Property

2

pursuant to Rule G(4)(a) and (b) of the Supplemental Rules of Admiralty and Maritime Claims and Asset Forfeiture Actions ("Rule G");

WHEREAS, notice of this Action was published on an official internet government forfeiture website, www.forfeiture.gov, for at least 30 days, beginning on or about September 24, 2021, as required by Rule G(4)(a)(iv)(C). Doc. 3.;

WHEREAS, on or about October 27, 2021, the Defendant filed a Verified Claim to the Defendant Property. Doc. 4.;

WHEREAS, on or about November 18, 2021, the Defendant filed an Answer and Affirmative Defenses. Doc. 5.;

WHEREAS, on or about December 21, 2021, the Defendant was sentenced to a term of imprisonment and other penalties in relation to the Criminal Case, but forfeiture of the Defendant Property was not addressed. Docket No. 6:20-cr-17, Doc. 52.;

WHEREAS, the Defendant Property is titled in the names of the Defendant and his wife, Barbara H. Strickland.; and

WHEREAS, as of this date, no other persons or entities have filed a claim or otherwise responded to this Action.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. Based upon the facts set forth in the Verified Complaint, Indictment, and Stipulation of Settlement described below, which

facts the Claimant and United States agree are true and correct, the Court orders that, in lieu of forfeiture of the Defendant Property, Claimant shall pay the United States a total of $75,000 (the "Settlement Amount"), in accordance with the Stipulation of Settlement entered into by Claimant and the United States, which has been fully executed. The Settlement Amount has been paid in full to the United States. The Stipulation of Settlement and all of its terms are hereby incorporated into this final order.

2. The Settlement Amount shall be forfeited to the United States as a substitute *res*, pursuant to 18 U.S.C. § 1955(d), as property used in violation of section 18 U.S.C. § 1955(a). The United States Marshals Service, and its agents and contractors, are hereby authorized to dispose of the Settlement Amount, including all payments towards the Settlement Amount, in accordance with law.

3. The United States releases any and all claims against the Defendant Property.

4. Claimant shall retain title to the Defendant Property, subject to the lien, if necessary, as provided in the paragraph above.

5. Claimant shall be responsible for all taxes and other expenses for the Defendant Property, whether incurred in the past or to be incurred in the future. The United States, which never had possession of the Defendant Property, shall have no liability,

including any liability for past or future taxes or expenses, for the Defendant Property.

6. The parties shall be responsible for payment of their own expenses, including attorney's fees incurred in connection with this Action.

7. This Court shall retain jurisdiction over this matter to enforce the Stipulation of Settlement.

Based on the foregoing, the Clerk is directed to **TERMINATE** all deadlines and motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 4th day of October, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA